Battle, J.
 

 It appears from the bill of exceptions, (so far as we are able to understand it) that the lessors of the plaintiff claimed title to the premises, under a deed of mortgage, executed by their father to one Samuel Stanford, on the 2nd of April, 1838, providing for the payment, on the 1st day of April, 1839, of certain debts therein named, to which the said Stanford was surety, and a deed from Stanford, the mortgagee, to them, made on 23rd of December, 1839. The lessors then offered evidence to show that the defendant claimed under a sheriff’s deed, on an execution against their father, of a
 
 teste
 
 later than the deeds under which they claimed, and rested their case.
 

 The defendant, among other grounds of defense, contended that all the debts, mentioned in the mortgage deed, made to Stanford, had been paid, on or before the 1st of April, 1839, so that the title of the property therein conveyed, had become reinvested in the mortgagor, and left nothing in the mortgagee to be transferred to the lessors of the plaintiff by his deed of December, 1839. To sustain this position, the defendant offered in evidence a certificate, dated January,'1840, given by Stanford, the mortgagee, which contained an acknowledgment that all the debts intended to be secured by the mortgage had been fully paid. Stanford was living, and the plaintiff’s lessors objected to the evidence, but it was received by the Court. In this, we think, there was error. The certificate, given by Stanford,' was nothing more than a written declaration, made by him, not under oath, and, as he was then living, his testimony might have been had, either by producing him as a witness at the trial, or by having his deposition, taken in the usual manner. Indeed, it appears that his deposition had been taken to prove other facts, and was used at the trial for that purpose. In the case of
 
 Finch
 
 v.
 
 Ragland,
 
 2 Dev. Eq. Rep. 138, it was held by the Court, that written receipts for money of living persons are not, strictly, legal
 
 *133
 
 evidence of disbursements by an administrator, especially, where the money is due by account. The reason is, manifestly, that the receipts are nothing more than written declarations of persons, who, being alive, might be examined as witnesses on oath. We are aware that such written receipts are often received and acted upon, but it is only because (where there is no suspicion of unfairness or fraud) the parties do not choose to object to them. There are some cases where, if a person, who has peculiar means of knowing a fact, makes a declaration, or a written entry of that fact, which is against his' interest at the time, such declaration or entry is, after his death, evidence of the fact as between third persons; see
 
 Peck
 
 v. Gilmer, 4 Dev. and Bat. Rep. 254, and the cases there cited. That rule is clearly inapplicable to the present case, where the person who gave the certificate, is still living.
 

 We are not to be understood as intimating that the certificate in question, was given under such circumstances, as that it would have been admissible, even if Stanford had been dead; but as he was alive, and might have been examined as a witness, it was, on that ground, and without reference to any other, clearly improper to receive it.
 

 The judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Pee Curiam,
 

 Judgment reversed.